## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ESOP CAPITAL GROUP LLC**<br>1025 Connecticut Ave. , NW<br>Washington, DC  20036<br><br>        **Plaintiff,**<br><br>  **v.**<br><br>**AG-PILOTS, INC.**<br>676 HWY 481<br>Pelahatchie, Mississippi  39145<br><br>        **and**<br><br>**JIMMY L. THRASH**<br>707 HWY 481<br>Pelahatchie, Mississippi  39145<br><br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     **Civil Action No. _____** |

## NOTICE OF REMOVAL

Defendants AG-Pilots, Inc. and Jimmy L. Thrash (jointly "Defendants") hereby give notice, pursuant to 28 U.S.C. § 1446, that they have removed this action to this Court. The grounds for the removal are as follows:

1.    A civil action (the "Action") was commenced on August 15, 2005, in Superior Court for the District of Columbia, Civil Division entitled *ESOP Capital Group LLC v. AG-Pilots, Inc. and Jimmy L. Thrash* and bearing Civil Action No. 05-006463-B. A true and correct copy of all process, pleadings and orders that have been served upon Defendants in that Action are attached hereto as Exhibit A.

1

2.      The Plaintiff in the Action is ESOP Capital Group,LLC ("Plaintiff").  Plaintiff was at the time of the commencement of the Action and is a limited liability company created and organized under the laws of the District of Columbia, with its principal place of business at 1025 Connecticut Ave., NW, Washington, D.C. 20036.  Plaintiff is, therefore, a citizen of the District of Columbia.

3.      Defendant AG-Pilots, Inc. was at the time of the commencement of the Action and is a corporation incorporated under the laws of the State of Mississippi with its principal place of business at 676 Highway 481, Pelahatchie, Mississippi, 39145, and is therefore a citizen of the State of Mississippi.

4.      Defendant Jimmy L. Thrash was at the time of the commencement of the Action and is an individual residing in Pelahatchie, Mississippi.

5.      Defendants first received a copy of the initial pleading in the Action (the Complaint) on August 16, 2005.  This Notice of Removal has been filed within thirty (30) days thereafter and is timely.

6.      This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship between the plaintiff and both defendants, and, based on the allegations of the Complaint, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Therefore, the Action is subject to removal pursuant to 28 U.S.C. § 1441.

7.      A copy of this Notice of Removal will be sent to the Clerk of Court for the Superior Court for the District of Columbia, Civil Division and to all adverse parties.

2

Respectfully submitted,

Thomas Kline
D.C. Bar # 237446
Andrews Kurth LLP
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

Tonya M. Gray
Texas Bar #24012726 (appearing *pro hac vice*)
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was served on the following counsel of record by certified mail, return receipt requested, this 15th day of September, 2005:

Robert L. Wilkins, Esquire
Vicki Margolis, Esquire
Karen S. Miller, Esquire
VENABLE LLP
575 7th Street, NW
Washington, D.C. 20004

Counsel for Plaintiff

Thomas Kline

3

# EXHIBIT A

## INDEX OF PLEADINGS IN SUPERIOR COURT

1. Initial Order

2. Summons

3. Complaint (and attachments thereto)

4. Information Sheet

5. Defendants' Consent Motion for Ten-Day Extension of Time to Answer or Otherwise Respond (with proposed order granting same)

6. Notice of Filing Notice of Removal

DAL:577199.1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ESOP CAPITAL GROUP LLC
Vs.                                                    C.A. No.        2005 CA 006463 B
JIMMY L THRASH

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

August 15, 2005                              Chief Judge Rufus G. King, III

Case Assigned to: Judge ANNA BLACKBURNE-RIGSBY

Initial Conference: 9:30 am, Friday, November 18, 2005
Location:  Courtroom B-52
           409 E Street, NW
           WASHINGTON, DC 20001

EXHIBIT

tabbies® A-1

Caio.doc

# CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone:  879-1133

| ESOP Capital Group LLC |
|---|

*Plaintiff*

VS.

| AG-Pilots, Inc. |
|---|

*Defendant*

Civil Action No. **05–0006463**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Vicki Margolis |
|---|

Name of Plaintiff's Attorney

| Venable LLP |
|---|

Address

| 575 7th St NW, Wash., D.C. 20004 |
|---|

| 202-344-4892 |
|---|

Telephone

By _____
Deputy Clerk

Date ___8-15-05___

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-426/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



EXHIBIT
A-2

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| ESOP Capital Group LLC | **05-0006463** |
| *Plaintiff* | |
| vs. | Civil Action No. |
| Jimmy L. Thrash | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Vicki Margolis | |
| Name of Plaintiff's Attorney | By _____ |
| Venable LLP | Deputy Clerk |
| Address | |
| 575 7th St., N.W., Wash., D.C. 20004 | |
| (202) 344-4892 | Date   8-15-05 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93        NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ESOP CAPITAL GROUP LLC )
1025 Connecticut Ave., NW )
Washington, DC 20036 )
)
        Plaintiff, )
)
      v. )
)
AG-PILOTS, INC. )
707 HWY 481 )
Pelahatchie, Mississippi 39145 )
)
      and )
)
JIMMY L. THRASH )
Leesburg Road )
Pelahatchie, Mississippi 39145 )
)
        Defendants. )
)

## 05-0006463

Civil Action No.:

## JURY TRIAL DEMANDED

RECEIVED
CIVIL CLERK'S OFFICE

AUG 1 5 2005

SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

### COMPLAINT

Plaintiff ESOP Capital Group, LLC ("ECG"), by and through its undersigned

attorneys, files this Complaint against AG-Pilots, Inc. ("AG-Pilots") and Jimmy L.

Thrash ("Thrash"), and in support thereof states as follows:

### *The Parties*

1.    ECG is a limited liability corporation duly organized and existing under

the laws of the District of Columbia with its principal place of business located at 1025

Connecticut Avenue, Northwest, Washington, District of Columbia.

2.    Upon information and belief, Defendant AG-Pilots is a corporation

organized and existing under the laws of the State of Mississippi with its principal place


EXHIBIT
A-3

of business located at 707 HWY 481, Pelahatchie, Mississippi. AG-Pilots is the successor corporation to Thrash Aviation, Inc. ("Thrash Aviation"), a Mississippi Corporation that merged into, and was succeeded by, AG-Pilots. (A true and correct copy of the Articles of Merger is attached hereto as Exhibit 1).

3.    Thrash is an individual who, upon information and belief, resides at Leesburg Road, Pelahatchie, Mississippi, and has an office at 707 HWY 481, Pelahatchie, Mississippi. Upon information and belief, Thrash is the President and sole Director of AG-Pilots, and was the President, sole director, and sole shareholder of Thrash Aviation at the time of its merger with AG-Pilots.

### *Jurisdiction and Venue*

4.    Personal jurisdiction over the Defendants is proper under D.C. Code §§ 11-921 and 13-423. Further, Thrash has committed tortious acts within the District which has caused harm to ECG, a resident of the District. The exercise of personal jurisdiction by, and venue in this Court, are also proper in light of the parties' specific contractual agreement to that effect.

### *Facts*

5.    ECG is a private equity firm with significant expertise in incorporating innovative employee stock ownership plans ("ESOP")-related financing structures to maximize proceeds achieved by business sellers. In particular, ECG assists those companies and the owners of those companies interested in effectuating the sale of stock to an ESOP ("ESOP-buyout"), by providing business evaluations, facilitating the necessary financing, and providing all logistical support for these complicated

- 2 -

transactions, as well as lending extensive analytical, strategic or operating support as may be needed. In exchange, ECG normally receives a fee and equity interest in the company setting up the ESOP.

6.      In late 2003, ECG learned that Thrash was interested in selling Thrash Aviation, and responded to a mass solicitation placed by a broker on behalf of Thrash and Thrash Aviation regarding the company.

7.      ECG proposed to Thrash and Thrash Aviation an ESOP-buyout structure and spent significant time educating Thrash and Thrash Aviation about ESOPs and leveraged ESOP-buyouts. Thrash eventually became interested in selling his shares of stock in Thrash Aviation to an ESOP as part of an ESOP-buyout.

8.      On December 12, 2003, Thrash Aviation and ECG executed a Confidential Non-Disclosure Agreement ("NDA"). (A true and correct copy of the NDA is attached as hereto Exhibit 2). Thrash, as Thrash Aviation's Owner and Authorized Representative, negotiated and executed the NDA on behalf of Thrash Aviation.

9.      Among the provisions included in the NDA were provisions governing the handling of confidential information provided by ECG to Thrash Aviation concerning the potential business relationship (Paragraphs 1-5), the effect of a termination of the NDA (Paragraph 5), a right of first refusal or payment of liquidated damages should Thrash Aviation enter into an ESOP-buyout with an entity other than ECG (Paragraph 6), and ECG's right to obtain injunctive relief and/or specific performance in the event of a breach by Thrash Aviation (Paragraph 7).

10. As contemplated by the NDA, ECG provided extensive services to Thrash Aviation, including providing information concerning the structure of the ESOP-buyout, introducing Thrash and Thrash Aviation to financial advisors and other consultants, and providing asset and stock valuations.

11. Although various potential terms of an ESOP-buyout were negotiated, and various draft stock purchase agreements exchanged, ECG and Thrash did not enter into a final agreement regarding an ESOP-buyout.

12. Upon information and belief, in or around May 2005, Thrash Aviation and another corporation, J&H Aircraft, Inc. ("J&H",) merged with AG-Pilots. In accordance with the Articles of Merger (see Exhibit 1), AG-Pilots survived the merger, and J&H and Thrash Aviation ceased. Thereafter, AG-Pilots became Thrash Aviation's successor in interest in accordance with Mississippi Code Section 79-4-11.07. Also in accordance with the Articles of Merger, Thrash's stock in Thrash Aviation was converted to AG-Pilots' stock. As a consequence of the merger, AG-Pilots became obligated as Thrash Aviation's successor in interest under the provisions of the NDA. Upon information and belief, at the time of the merger, Thrash was the President, sole shareholder and sole director of Thrash Aviation, AG-Pilots, and J&H.

13. Upon information and belief, in or around May or June 2005, AG-Pilots was the subject of an ESOP-buyout with an entity other than ECG. Upon information and belief, at the time of the ESOP-buyout, Thrash was AG-Pilots' President, sole shareholder and sole director.

- 4 -

14.    Upon information and belief, AG-Pilots utilized the services of attorneys at Buchanan Ingersoll, PC, attorneys and advisors originally introduced to Thrash Aviation and Thrash by ECG.

15.    Paragraph 2(d) of the NDA specifically prohibits AG-Pilots from contacting consultants or advisors introduced by ECG without ECG's express written consent.

16.    The ESOP-buyout of AG-Pilots was a "Prohibited Sale" under the provisions of Paragraph 6. (*See* Exhibit 2). Specifically, Paragraph 6 defines a "Prohibited Sale" as follows:

> [t]he DISCLOSING PARTY [ECG] intends to share details and relationships pertaining to a leveraged ESOP transaction. The RECEIVING PARTY [AG-Pilots] acknowledges that, in consideration of the time and effort of the DISCLOSING PARTY [ECG], if, within three years of the date of execution of this agreement, any stockholders of the receiving party, (or any successor in interest or affiliate) [AG-Pilots] sell thirty percent (30%) or greater of the outstanding stock to an employee stock ownership plan [ESOP], in which any employees of the receiving party then participate or in which any employees of the receiving party would be eligible to participate subsequent to the sale ("PROHIBITED SALE"), other than a transaction with the DISCLOSING PARTY . . .

Once AG-Pilots had an offer to engage in a Prohibited Sale, AG-Pilots was required under Paragraph 6 of the NDA to either 1) first offer ECG the AG-Pilots stock on the same general terms and conditions as would be due in the Prohibited Sale, or 2) pay ECG liquidated damages in an amount equal to ten percent (10%) of the total amount of the transaction value due in the Prohibited Sale. Because AG-Pilots failed to timely notify ECG of its offer to participate in a Prohibited Sale, then AG-Pilots was deemed to have

elected to pay the liquidated damages, which amount was due and owed at the closing of the Prohibited Sale.

17.    Neither AG-Pilots nor Thrash ever notified ECG of its offer to participate in the Prohibited Sale, nor did AG-Pilots or Thrash ever pay ECG liquidated damages as required by Paragraph 6 of the NDA.

18.    Upon information and belief, the total value of the AG-Pilots ESOP-buyout was in excess of Eight Million Dollars ($8,000,000), and the liquidated damages due and owed ECG at the closing under the NDA were at least Eight Hundred Thousand Dollars ($800,000). A full accounting is needed, however, to determine the full value of the ESOP-buyout, and the amount of liquidated damages that were due ECG at the closing of the transaction.

19.    At the time of AG-Pilots' ESOP-buyout, the NDA was in full force and effect.

## COUNT I – AGAINST AG-PILOTS
## (BREACH OF CONTRACT)

20.    ECG hereby incorporates by reference all of the allegations in paragraphs 1 through 19 of this Complaint.

21.    ECG and Thrash Aviation negotiated and executed a valid and enforceable NDA. As Thrash Aviation's successor in interest, AG-Pilots is obligated to perform under the NDA.

22.    AG-Pilots is in breach of the NDA.

23.     Specifically, AG-Pilots breached Paragraph 2(d) of the NDA when it contacted attorney(s) at Buchanan Ingersoll, PC without first obtaining the express written consent of ECG.

24.     Further, AG-Pilots materially breached Paragraph 6 of the NDA when it failed to notify ECG of the offer to participate in the Prohibited Sale, and thereafter failed to pay ECG liquidated damages at the closing of its ESOP-buyout.

### PRAYER FOR RELIEF AGAINST AG-PILOTS

WHEREFORE, Plaintiff ECG respectfully requests that the Court enter judgment in its favor and against Defendant AG-Pilots as follows:

A.     Declaring AG-Pilots, as successor in interest to Thrash Aviation, in breach of the NDA; and

B.     Ordering that AG-Pilots, as successor in interest to Thrash Aviation, specifically perform its obligations under the NDA; and

C.     Awarding ECG its liquidated damages as set forth under Paragraph 6 of the NDA, the amount to be determined following a full accounting, plus pre-judgment interest from the time of the breach; and

D.     Such other and further relief as this Court deems appropriate.

### COUNT II – AGAINST THRASH
### (TORTIOUS INTERFERENCE WITH CONTRACT)

25.     ECG hereby incorporates by reference all of the allegations in paragraphs 1 through 24 of this Complaint.

26.    At the time of the ESOP-buyout of AG-Pilots, a "Prohibited Sale" under the NDA, Thrash was aware of the NDA, which he negotiated and executed on Thrash Aviation's behalf.

27.    Upon information and belief, Thrash, as AG-Pilots' President, sole shareholder and sole director, directed AG-Pilots to seek out and engage in the AG-Pilots' ESOP-buyout.

28.    Upon information and belief, by directing that AG-Pilots not notify ECG that there was a pending "Prohibited Sale," and otherwise fail to pay ECG the liquidated damages due and owed under the NDA, Thrash thereby maximized the amount of value that he personally obtained from the AG-Pilots' ESOP-buyout.

29.    Upon information and belief, Thrash's interference with the NDA was intentional.

30.    Upon information and belief, Thrash's interference with the NDA was also willful and deliberate. Having negotiated and executed the NDA, Thrash was fully aware of the consequences should AG-Pilots engage in an ESOP-buyout with an entity other than ECG before December 2006. Specifically, Thrash knew that ECG would be entitled to 10% of the full value of the ESOP-buyout at the closing of the transaction as liquidated damages. Upon information and belief, Thrash willfully and deliberately therefore directed AG-Pilots to hide the ESOP-buyout from ECG to avoid paying ECG liquidated damages in breach of the NDA so as to maximize the profits he would personally obtain from the transaction as the sole shareholder of AG-Pilots.

- 8 -

31.     As a result of Thrash's interference with AG-Pilots' performance under

the NDA, ECG was damaged.

## PRAYER FOR RELIEF AGAINST THRASH

WHEREFORE, Plaintiff ECG respectfully requests that the Court enter judgment

in its favor and against Defendant Thrash as follows:

A.     Awarding ECG its damages in an amount equal to the losses ECG suffered

as a result of Thrash's interference with the NDA; and

B.     Awarding ECG punitive damages as a result of Thrash's willful conduct;

and

C.     Such other and further relief as this Court deems appropriate.

## JURY DEMAND

ECG requests a jury trial pursuant to D.C. Super. Ct. R. Civ. P. 38(b).

Respectfully submitted,

Robert L. Wilkins (Bar No. 429065)
Vicki Margolis (Bar No. 431031)
Karen S. Miller (Bar No. 481707)

Venable LLP
575 7th Street, NW
Washington, DC 20004
Tel.: (202) 344-4000
Fax: (202) 344-8300

Attorneys for ESOP Capital Group, LLC

BA2/274012

- 9 -

☑ 01:

VENABLE LLP

# EXHIBIT 1

08/15/2005 10:53 FAX

May 26 05 03:13p    Jimmy Thrash                          60185487    

Business ID: 552111
Date Filed: 05/27/2005 12:09 PM
Eric Clark
Secretary of State

F0013 - Page 1 of 3                  OFFICE OF THE MISSISSIPPI SECRETARY OF STATE
P.O. BOX 136, JACKSON, MS 39205-0136    (601) 359-1333

Articles of Merger or Share Exchange
Profit Corporation

The undersigned corporation pursuant to Section 79-4-11.05, as amended, hereby executes the
following document and sets forth:

1. Name of Corporation 1

A-G PILOTS, INC.

2. Name of Corporation 2

J & H AIRCRAFT, INC.

3. Name of Corporation 3

THRASH AVIATION, INC.

4. The future effective date is          MAY 31, 2005
   (Complete if applicable)

5. The plan of merger or share exchange. (Attach page)

6. Mark appropriate box.

☐   (a) Shareholder approval of the plan of merger or share exchange was not required.

OR

☒   (b) If approval of the shareholders of one or more corporations party to the merger or
        share exchange was required

        (i) the designation, number of outstanding shares, and number of votes entitled to
            be cast by each class entitled to vote separately on the plan as to each
            corporation were

| Name of Corporation | Designation | No. of outstanding shares | No. of votes entitled to be cast |
|---|---|---|---|
| AG PILOTS, INC. | COMMON | 450 | 450 |
| J&H AIRCRAFT, INC. | A | 100 | 100 |
| THRASH AVIATION, INC. | COMMON | 1,000 | 1,000 |

Rev. 01/96

F0013 - Page 2 of 3



**OFFICE OF THE MISSISSIPPI SECRETARY OF STATE**
P.O. BOX 136, JACKSON, MS 39205-0136    (601) 359-1333
Articles of Merger or Share Exchange
Profit Corporation

**AND EITHER**

a. the total number of votes cast for and against the plan by each class entitled to vote separately on the plan was

| Name of Corporation | Class | Total no. of votes cast FOR the Plan | Total no. of votes cast AGAINST the Plan |
|---|---|---|---|
| AG PILOTS, INC. | COMMON | 450 | 0 |
| J&H AIRCRAFT, INC. | A | 100 | 0 |
| THRASH AVIATION, INC. | COMMON | 1,000 | 0 |

**OR**

b. the total number of undisputed votes cast for the plan separately by each class was

| Name of Corporation | Class | Total no. of undisputed votes cast FOR the Plan |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

and the number of votes cast for the plan by each class was sufficient for approval by that class.

Name of Corporation 1

| AG PILOTS, INC. |
|---|

By:    Signature                                          (Please keep writing within blocks)

*Jimmy Thrash*

Printed Name    JIMMY THRASH          Title    PRESIDENT

Rev. 01/96

746210 MAY 27 05

F0013 - Page 3 of 3

OFFICE OF THE MISSISSIPPI SECRETARY OF STATE
P.O. BOX 136, JACKSON, MS 39205-0136   (601) 359-1333
Articles of Merger or Share Exchange
Profit Corporation



Name of Corporation 2

| J&H AIRCRAFT, INC. |

By:    Signature                                          (Please keep writing within blocks)

Printed Name    JIMMY THRASH              Title    PRESIDENT

Name of Corporation 3

| THRASH AVIATION, INC. |

By:    Signature                                          (Please keep writing within blocks)

Printed Name    JIMMY THRASH              Title    PRESIDENT

NOTE
1. If shareholder approval is required, the plan must be approved by each voting group entitled to vote
   on the plan by a majority of all votes entitled to be cast by that voting group unless the Act or the
   articles of incorporation provide for a greater or lessor vote, but not less than a majority of all votes
   cast at a meeting.

2. The articles cannot be filed unless the corporation(s) has (have) paid all fees and taxes (and
   delinquencies) imposed by law.

3. The articles must be similarly executed by each corporation that is a party to the merger.

Rev. 01/96
MSbIS - d/[5/99 CT System Dallas

08/15/2005 Case 1:05-cv-01832-RMU    Document 1   Filed 09/15/2005    Page 23 of 49    ⓲022

May 26 05 03:08p    Jimmy Thrash                   6018548727                p.2

## WRITTEN CONSENT OF THE SOLE SHAREHOLDER
## AND SOLE DIRECTOR
## OF J&H AIRCRAFT, INC.

### May 26, 2005

The undersigned, being the sole shareholder and sole member of the Board of Directors of J&H Aircraft, Inc., a Mississippi corporation (the "Corporation"), in accordance with Sections 79-4-7.04 and 79-4-8.21 of the Mississippi Business Corporation Act ("MBCA"), does hereby consent in writing to the action set forth in the following resolutions to have full force and effect as if adopted at a duly called and convened special meeting of the Shareholders and Board of Directors of the Corporation.

NOW, THEREFORE, BE IT RESOLVED, after due consideration, the Board of Directors deems it advisable and in the best interest of the Corporation to authorize the merger whereby the Corporation will merge with and into AG-Pilots, Inc. ("AG Pilots") a Mississippi corporation, pursuant to a merger in accordance with the provisions of Section 79-4-11.02 of the MBCA (the "Reorganization"); and it is

FURTHER RESOLVED, that the Reorganization shall be undertaken upon the terms and conditions of the Agreement and Plan of Merger by and between AG Pilots, the Corporation and Thrash Aviation, Inc. ("Thrash Aviation") dated as of May 31, 2005 (the "Agreement"), a copy of which has been reviewed, and that the execution of such Agreement and the consummation of the transactions identified therein is hereby adopted, ratified and approved by the sole Shareholder and the Board of Directors; and it is

FURTHER RESOLVED, that the officers of the Corporation are hereby authorized to execute and file the Articles of Merger with the Secretary of State of the State of Mississippi, all as more specifically set forth in Exhibit A attached hereto and made a part hereof; and it is

FURTHER RESOLVED, that the officers of the Corporation, and each of them singly, are hereby authorized (i) to execute and deliver the Agreement and any exhibits, schedules, supplements or amendments thereto, and to undertake the, Reorganization contemplated thereby; (ii) to execute and deliver any and all agreements related to, required by or contemplated by the Agreement; (iii) to prepare, execute and deliver other documents, certificates or agreements necessary or appropriate to consummate the transaction, including any and all documents required or necessary to be filed with the Secretary of State of the State of Mississippi or any state securities commission; (iv) to do all other acts and things and to pay all fees and expenses as may be necessary or desirable to carry out and comply with the terms of the Agreement; and (v) to make, execute and deliver and do and perform, on behalf of and in the name of the Corporation, any and all such documents instruments, certificates, acknowledgments, payments, acts and things as may be required or appropriate to effectuate the aforesaid resolutions.

The actions taken by the foregoing Resolutions shall be deemed to have been taken at the offices of the Corporation on the day first above written.

_Jimmy Thrash_
Jimmy Thrash

Constituting the Entire Board of Directors

### WRITTEN CONSENT OF THE SOLE SHAREHOLDER
### AND SOLE DIRECTOR
### OF THRASH AVIATION, INC.

#### May 26, 2005

The undersigned, being the sole shareholder and sole member of the Board of Directors of Thrash Avuation, Inc., a Mississippi corporation (the "Corporation"), in accordance with Sections 79-4-7.04 and 79-4-8.21 of the Mississippi Business Corporation Act ("MBCA"), does hereby consent in writing to the action set forth in the following resolutions to have full force and effect as if adopted at a duly called and convened special meeting of the Shareholders and Board of Directors of the Corporation.

**NOW, THEREFORE, BE IT RESOLVED,** after due consideration, the Board of Directors deems it advisable and in the best interest of the Corporation to authorize the merger whereby the Corporation will merge with and into AG-Pilots, Inc. ("AG Pilots") a Mississippi corporation, pursuant to a merger in accordance with the provisions of Section 79-4-11.02 of the MBCA (the "Reorganization"); and it is

FURTHER RESOLVED, that the Reorganization shall be undertaken upon the terms and conditions of the Agreement and Plan of Merger by and between AG Pilots, the Corporation and J&H Aircraft, Inc. ("J&H") dated as of May 31, 2005 (the "Agreement"), a copy of which has been reviewed, and that the execution of such Agreement and the consummation of the transactions identified therein is hereby adopted, ratified and approved by the sole Shareholder and the Board of Directors; and it is

FURTHER RESOLVED, that the officers of the Corporation are hereby authorized to execute and file the Articles of Merger with the Secretary of State of the State of Mississippi, all as more specifically set forth in Exhibit A attached hereto and made a part hereof; and it is

FURTHER RESOLVED, that the officers of the Corporation, and each of them singly, are hereby authorized (i) to execute and deliver the Agreement and any exhibits, schedules, supplements or amendments thereto, and to undertake the Reorganization contemplated thereby; (ii) to execute and deliver any and all agreements related to, required by or contemplated by the Agreement; (iii) to prepare, execute and deliver other documents, certificates or agreements necessary or appropriate to consummate the transaction, including any and all documents required or necessary to be filed with the Secretary of State of the State of Mississippi or any state securities commission; (iv) to do all other acts and things and to pay all fees and expenses as may be necessary or desirable to carry out and comply with the terms of the Agreement; and (v) to make, execute and deliver and do and perform, on behalf of and in the name of the Corporation, any and all such documents instruments, certificates, acknowledgments, payments, acts and things as may be required or appropriate to effectuate the aforesaid resolutions.

The actions taken by the foregoing Resolutions shall be deemed to have been taken at the offices of the Corporation on the day first above written.

_Jimmy Thrash_

Constituting the Entire Board of Directors

## WRITTEN CONSENT OF THE SOLE SHAREHOLDER
## AND SOLE DIRECTOR
## OF AG-PILOTS, INC.

### May 26, 2005

The undersigned, being the sole shareholder and sole member of the Board of Directors of AG-Pilots, Inc., a Mississippi corporation (the "Corporation"), in accordance with Sections 79-4-7.04 and 79-4-8.21 of the Mississippi Business Corporation Act ("MBCA"), does hereby consent in writing to the action set forth in the following resolutions to have full force and effect as if adopted at a duly called and convened special meeting of the Shareholders and Board of Directors of the Corporation.

NOW, THEREFORE, BE IT RESOLVED, after due consideration, the Board of Directors deems it advisable and in the best interest of the Corporation to authorize the merger with J&H Aircraft, Inc., a Mississippi corporation ("J&H") and Thrash Aviation, Inc. ("Thrash Aviation"), a Mississippi corporation into the Corporation, pursuant to a merger in accordance with the provisions of Section 79-4-11.02 of the MBCA (the "Reorganization"); and it is

FURTHER RESOLVED, that the Reorganization shall be undertaken upon the terms and conditions of the Agreement and Plan of Merger by and between the Corporation, J&H and Thrash Aviation dated as of May 31, 2005 (the "Agreement"), a copy of which has been reviewed, and that the execution of such Agreement and the consummation of the transactions identified therein is hereby adopted, ratified and approved by the sole Shareholder and the Board of Directors; and it is

FURTHER RESOLVED, that the officers of the Corporation are hereby authorized to execute and file the Articles of Merger with the Secretary of State of the State of Mississippi, all as more specifically set forth in Exhibit A attached hereto and made a part hereof; and it is

FURTHER RESOLVED, that the officers of the Corporation, and each of them singly, are hereby authorized (i) to execute and deliver the Agreement and any exhibits, schedules, supplements or amendments thereto, and to undertake the Reorganization contemplated thereby; (ii) to execute and deliver any and all agreements related to, required by or contemplated by the Agreement; (iii) to prepare, execute and deliver other documents, certificates or agreements necessary or appropriate to consummate the transaction, including any and all documents required or necessary to be filed with the Secretary of State of the State of Mississippi or any state securities commission; (iv) to do all other acts and things and to pay all fees and expenses as may be necessary or desirable to carry out and comply with the terms of the Agreement; and (v) to make, execute and deliver and do and perform, on behalf of and in the name of the Corporation, any and all such documents instruments, certificates, acknowledgments, payments, acts and things as may be required or appropriate to effectuate the aforesaid resolutions.

The actions taken by the foregoing Resolutions shall be deemed to have been taken at the offices of the Corporation on the day first above written.

_____

Jimmy Thrash

Constituting the Entire Board of Directors

## AGREEMENT AND PLAN OF MERGER

THIS AGREEMENT AND PLAN OF MERGER (the "Merger Agreement") is made as of the 31st day of May, 2005, by and among AG-Pilots, Inc., a Mississippi corporation ("AG Pilots"), J&H Aircraft, Inc., a Mississippi corporation ("J&H") and Thrash Aviation, Inc., a Mississippi corporation ("Thrash Aviation"). AG Pilots, J&H and Thrash are sometimes referred to herein as the "Constituent Corporations."

### RECITALS

A.    AG Pilots is a corporation duly organized and existing under the laws of the State of Mississippi.

B.    J&H is a corporation duly organized and existing under the laws of the State of Mississippi.

C.    Thrash Aviation is a corporation duly organized and existing under the laws of the State of Mississippi.

D.    On the date of this Merger Agreement, AG Pilots has authority to issue: 1,000 shares of Common Stock, no par value per share, of which 450 shares, held by Jimmy Thrash, are issued and outstanding ("AG Pilots Common Stock").

E.    On the date of this Merger Agreement, J&H has authority to issue: 100 shares of A Stock, no par value per share, of which 100 shares, held by Jimmy Thrash, are issued and outstanding ("J&H Stock").

F.    On the date of this Merger Agreement, Thrash Aviation has authority to issue: (i) 1,000 shares of Common Stock, at no par value per share, of which, 1,000 shares, held by Jimmy Thrash, are issued and outstanding ("Thrash Aviation Common Stock").

G.    The respective Boards of Directors of AG Pilots, J&H and Thrash Aviation have determined that, for the purpose of effecting the reorganization of AG Pilots, it is advisable and to the advantage of such corporations and their respective shareholders that each of J&H and Thrash Aviation merge with and into AG Pilots upon the terms and conditions herein provided.

H.    The respective Boards of Directors of AG Pilots, J&H and Thrash Aviation and the sole shareholder, Jimmy Thrash, have approved this Merger Agreement.

NOW, THEREFORE, in consideration of the mutual promises and on the terms and conditions set forth below, the mutuality, adequacy and sufficiency of which are hereby acknowledged, the parties do hereby adopt the plan of reorganization encompassed by this Merger Agreement and do hereby agree that J&H and Thrash Aviation shall merge with and into AG Pilots:

## I.    TERMS AND CONDITIONS

1.1    Merger. Upon the date this Merger Agreement is made effective in accordance with applicable Mississippi law by filing Articles of Merger with the Mississippi Secretary of State (the "Effective Date"), J&H shall be merged with and into AG Pilots and Thrash Aviation shall be merged with and into AG Pilots (collectively, the "Merger"), and AG Pilots shall be the surviving corporation of the Merger.

1.2    Succession. Upon the Effective Date, the separate existence of J&H and Thrash Aviation shall cease and AG Pilots shall succeed to all of the rights, privileges, powers and property of J&H and Thrash Aviation in the manner of and as more fully set forth in Section  of the Mississippi Business Corporation Act.

1.3    J&H Stock. Upon the Effective Date, by virtue of the Merger and without any action on the part of the holder thereof or the Constituent Corporations, each share of J&H Stock issued and outstanding immediately prior thereto shall be changed and converted into one thousand (1,000) fully paid and nonassessable share of AG Pilots Common Stock. All of the shares of J&H Common Stock held in treasury shall be canceled on the Effective Date.

1.4    Thrash Aviation Common Stock. Upon the Effective Date, by virtue of the Merger and without any action on the part of the holder thereof or the Constituent Corporations, each share of Thrash Aviation Common Stock issued and outstanding immediately prior thereto shall be changed and converted into one thousand (1,000) fully paid and nonassessable shares of AG Pilots Common Stock. All of the shares of Thrash Aviation Common Stock held in treasury shall be canceled on the Effective Date.

1.5    AG Pilots Common Stock. Upon the Effective Date, by virtue of the Merger and without any action on the part of the holder thereof or the Constituent Corporations, each share of AG Pilots Common Stock issued and outstanding immediately prior thereto will remain issued and outstanding.

1.6    Stock Certificates. Upon and after the Effective Date, all of the outstanding certificates which prior to that time represented shares of AG Pilots Common Stock shall be deemed for all purposes to evidence ownership of and to represent the shares of AG Pilots Common Stock into which the shares of J&H Common Stock and Thrash Aviation  represented by such certificates have been converted in the Merger. The registered owner on the books and records of J&H Common Stock and Thrash Aviation  or their transfer agents of any such outstanding stock certificate shall, until such certificate shall have been surrendered for transfer or conversion or otherwise accounted for to AG Pilots or its transfer agent, have and be entitled to exercise any voting and other rights with respect to and to receive any dividends and other distributions upon the shares of AG Pilots Common Stock evidenced by such outstanding certificate as provided above.

## II.    CHARTER DOCUMENTS, DIRECTORS AND OFFICERS

2.1    Articles of Incorporation and Bylaws. The Articles of Incorporation of AG Pilots as in effect immediately prior to the Effective Date shall continue in full force and effect thereafter

as the Articles of Incorporation of AG Pilots. The Bylaws of AG Pilots in effect immediately prior to the Effective Date shall continue in full force and effect thereafter as the Bylaws of AG Pilots without change or amendment, until such Bylaws are duly amended in accordance with the provisions thereof and applicable law.

    2.2   Directors. The directors of AG Pilots immediately prior to the Effective Date shall upon the Effective Date remain the directors of AG Pilots and shall serve until the next annual meeting of shareholders of AG Pilots and until their successors are duly elected and qualified or until their earlier resignation, removal or death.

    2.3   Officers. The officers of AG Pilots shall remain the officers of AG Pilots upon the Effective Date and shall serve until their successors are duly elected and qualified or their earliest resignation, removal or death.

III.   CONDITIONS TO CONSUMMATION OF THE MERGER

    3.1   Conditions to Obligation of J&H. The obligation of J&H to consummate the Merger is subject to the satisfaction prior to the Effective Date of each of the following conditions:

    (a)   The Merger shall have been approved by the sole shareholder of J&H in accordance with the Mississippi Statutes;

    (b)   All director, shareholder and other parties' consents and approvals, as well as filings with, and all necessary consents or approvals of, all federal, state and local governmental authorities and agencies, as are required under this Merger Agreement or applicable law to complete the Merger and the transactions related thereto shall have been secured; and

    (c)   No statute, rule, regulation, executive order, decree, injunction or restraining order shall have been enacted, promulgated, entered or enforced by any court of competent jurisdiction or governmental authority that prohibits or restricts the consummation of the Merger or transactions related thereto.

    3.2   Conditions to Obligation of Thrash Aviation. The obligation of Thrash Aviation to consummate the Merger is subject to the satisfaction prior to the Effective Date of each of the following conditions:

    (a)   The Merger shall have been approved by the sole shareholder of Thrash Aviation in accordance with the Mississippi Statutes;

    (b)   All director, shareholder and other parties' consents and approvals, as well as filings with, and all necessary consents or approvals of, all federal, state and local governmental authorities and agencies, as are required under this Merger Agreement or applicable law to complete the Merger and the transactions related thereto shall have been secured; and

    (c)   No statute, rule, regulation, executive order, decree, injunction or restraining order shall have been enacted, promulgated, entered or enforced by any court of competent

jurisdiction or governmental authority that prohibits or restricts the consummation of the Merger or transactions related thereto.

3.3    Conditions to Obligation of AG Pilots. The obligation of AG Pilots to consummate the Merger is subject to the satisfaction prior to the Effective Date of each of the following conditions:

(a)    The Merger shall have been approved by the sole shareholder of AG Pilots in accordance with the Mississippi Statutes;

(b)    All director, shareholder and other parties' consents and approvals, as well as filings with, and all necessary consents or approvals of, all federal, state and local governmental authorities and agencies, as are required under this Merger Agreement or applicable law to complete the Merger and the transactions related thereto shall have been secured; and

(c)    No statute, rule, regulation, executive order, decree, injunction or restraining order shall have been enacted, promulgated, entered or enforced by any court of competent jurisdiction or governmental authority that prohibits or restricts the consummation of the Merger or transactions related thereto.

## IV.    MISCELLANEOUS

4.1    Further Assurances. From time to time, as and when required by AG Pilots or by its successors and assigns, there shall be executed and delivered on behalf of J&H and/or Thrash Aviation such deeds and other instruments, and there shall be taken or caused to be taken by it such further and other actions, as shall be appropriate or necessary in order to vest, perfect or confirm, of record or otherwise, in AG Pilots the title to and possession of all of the property, interests, assets, rights, privileges, immunities, powers, franchises and authority of J&H and/or Thrash Aviation and otherwise to carry out the purposes of this Merger Agreement, and the officers and directors of AG Pilots are fully authorized in the name and on behalf of J&H and/or Thrash Aviation or otherwise to take any and all such action and to execute and deliver any and all such deeds and other instruments.

4.2    Amendment. At any time before or after approval by the shareholders of the Constituent Corporations and subject to applicable law, this Merger Agreement may be amended in any manner as may be determined in the judgment of the respective Boards of Directors of AG Pilots, J&H and Thrash Aviation to be necessary, desirable or expedient in order to clarify the intention of the parties hereto or to effect or facilitate the purposes and intent of this Merger Agreement; provided, however, that an amendment made subsequent to the adoption of this Merger Agreement by the shareholders of any of the Constituent Corporations shall not: (1) alter or change the amount or kind of shares, securities, cash, property and/or rights to be received in exchange for or on conversion of all or any of the shares of any class or series thereof such Constituent Corporation; (2) alter or change any term of the Articles of Incorporation of AG Pilots to be effected by the Merger; or (3) alter or change any of the terms and conditions of this Merger Agreement if such alteration or change would adversely affect the holders of any class or series of capital stock of any Constituent Corporation.

4.3    Abandonment.  At any time before the Effective Date, this Merger Agreement may be terminated and the Merger may be abandoned by the Board of Directors of AG Pilots, J&H and Thrash Aviation, notwithstanding the approval of this Merger Agreement by the shareholders of AG Pilots, J&H and Thrash Aviation.

4.4    Governing Law.  This Agreement shall in all respects be construed, interpreted and enforced in accordance with and governed by the laws of the State of Mississippi.

IN WITNESS WHEREOF, this Merger Agreement, having first been duly approved by the respective Boards of Directors of AG Pilots, J&H and Thrash Aviation, is hereby executed on behalf of each said corporation thereunto duly authorized.

"AG PILOTS"

AG-PILOTS, INC.
(a Mississippi corporation
formed March 16, 1988)

By: _____
    Jimmy Thrash, President

"J&H"

J&H AIRCRAFT, INC.
(a Mississippi corporation
formed December 10, 1998)

By: _____
    Jimmy Thrash, President

"THRASH AVIATION"

THRASH AVIATION, INC.
(a Mississippi corporation
formed August 2, 1996)

By: _____
    Jimmy Thrash, President

@03

VENABLE LLP

# EXHIBIT 2

08/15/2005 10:57 FAX

ESOP Capital Group, LLC

CONFIDENTIAL NON-DISCLOSURE AGREEMENT

This Agreement, dated and effective as of the _12th_ day of _DECEMBER_ 2003, is between ESOP Capital Group, LLC (the "Disclosing Party") and Thrush Aviation, Inc. (the "Receiving Party").

In connection with a possible business relationship between the parties, the Disclosing Party (which for purposes of this Agreement shall be deemed to include any subsidiaries or Affiliates[1], directors, officers, employees, consultants, and advisors of the Disclosing Party) intends to disclose certain confidential information to the Receiving Party. The purpose of such disclosure is to enable the Receiving Party (I) to evaluate the Proposed Business Relationship[2] and (II) to conduct any ensuing business arrangement that is actually conducted by the parties without the benefit of a further agreement governing the treatment of confidential information.

In consideration of the Disclosing Party making such confidential information available to the Receiving Party, the Receiving Party hereby agrees as follows:

1.       As used in this Agreement, the term "Confidential Information" means any financial, regulatory, transactional or business information furnished by the Disclosing Party to the Receiving Party in connection with the proposed business relationship, regardless of whether such information is specifically designated as confidential and regardless of whether such information is in written, oral, electronic, or other form. Such Confidential Information may include, without limitation, deal structures, transaction structures, business relationships, business or financial information, customer or supplier information, or information pertaining to Employee Stock Ownership Plan (ESOP) buyouts or strategies, acquisitions, financing or transaction structures, research or trade secrets.

2.       The Receiving Party agrees that it shall:

         (a)      maintain all Confidential Information in strict confidence, except that the Receiving Party may disclose or permit the disclosure of any Confidential Information to its directors, officers, employees, consultants, and advisors who have a need to know and are obligated to maintain the confidential nature of such Confidential Information and who need to know such Confidential Information for the purposes set forth in this Agreement;

         (b)      use all Confidential Information solely for the purposes set forth in this Agreement;

         (c)      allow its directors, officers, employees, consultants, and advisors to reproduce the Confidential Information only to the extent necessary to effect the purposes set forth in this Agreement, with all such reproductions being considered Confidential Information; and

         (d)      conduct all further inquiry and correspondence regarding the discussed business purpose exclusively through the offices of the Disclosing Party, and at no time contact any business relationships, consultants or advisors introduced by the Disclosing Party by phone, in writing or by personal contact without the express written permission of the Disclosing Party.

3.       The obligations of the Receiving Party under Section 2 above shall not apply to the extent that the Receiving Party can clearly demonstrate that certain Confidential Information:

         (a)      was in the public domain prior to the time of its disclosure under this Agreement;

---

[1] " For purposes of this agreement, "Affiliate" shall mean any person or entity that directly or indirectly controls, is controlled by, or is under common control with the Disclosing Party.

[2] " For purposes of this agreement, the Proposed Business Relationship shall be to evaluate the potential investment in, recapitalization or acquisition of the Receiving Party by the Disclosing Party.

     (b)    entered the public domain after the time of its disclosure under this Agreement through means other than an unauthorized disclosure resulting from an act or omission by the Receiving Party;

     (c)    was independently developed or discovered by the Receiving Party prior to the time of its disclosure under this Agreement;

     (d)    is or was disclosed to the Receiving Party at any time, whether prior to or after the time of its disclosure under this Agreement, by a third party having no fiduciary relationship with the Disclosing Party and having no obligation of confidentiality with respect to such Confidential Information; or

     (e)    is required to be disclosed to comply with applicable laws or regulations, or with a court or administrative order, provided that the Disclosing Party receives prior written notice of such disclosure and that the Receiving Party takes all reasonable and lawful actions to obtain confidential treatment for such disclosure and, if possible, to minimize the extent of such disclosure.

    4.    The Receiving Party acknowledges that the Disclosing Party (or any third party entrusting its own confidential information to the Disclosing Party) claims ownership of the Confidential Information disclosed by the Disclosing Party and all trademark, trade secret, and other intellectual property rights in, or arising from, such Confidential Information whether or not a patent, license, copyright or other government sanctioned application for use has been applied for or granted. No option, license, or conveyance of such rights to the Receiving Party is granted or implied under this Agreement. If any such rights are to be granted to the Receiving Party, such grant shall be expressly set forth in a separate written instrument.

    5.    Upon the termination by either party of (i) the contemplated business discussions and, if applicable, (ii) any ensuing business arrangement between the parties that is conducted without the benefit of a further agreement governing the treatment of Confidential Information, the Receiving Party shall return to the Disclosing Party all originals, copies, and summaries of documents, materials, and other tangible manifestations of Confidential Information in the possession or control of the Receiving Party. The obligations set forth in this Agreement shall remain in effect after such termination by either party, except that the obligation of the Receiving Party to return Confidential Information to the Disclosing Party shall survive until fulfilled.

    6.    The Disclosing Party intends to share details and relationships pertaining to a leveraged ESOP transaction. The Receiving Party acknowledges that, in consideration of the time and effort of the Disclosing Party, if, within three years of the date of execution of this agreement, any stockholders of the Receiving Party, (or any successor in interest or affiliate), sell thirty percent (30%) or greater of the outstanding stock to an employee stock ownership plan, in which any employees of the Receiving Party then participate or in which any employees of the Receiving Party would be eligible to participate subsequent to the sale ("Prohibited Sale"), other than a transaction with the Disclosing Party, then the Receiving Party will at its option, either (i) cause its stockholders to offer to the Disclosing Party the first right to acquire the stock before the Prohibited Sale on the same general terms and conditions regarding amount and timing of payment of total consideration due Seller or (ii) pay to the Disclosing Party, as liquidated damages an amount equal to ten percent (10%) of the total consideration due Seller in the Prohibited Sale ("Transaction Value"). If Seller fails to notify Disclosing Party within five (5) business days after receiving an offer to participate in a Prohibited Sale, which offer he is willing to accept (the "Outside Offer"), Seller will be deemed to have elected to pay Disclosing Party liquidated damages. Seller will be responsible for paying liquidated damages in full on closing, to the Disclosing Party, based on all of the Transaction Value, whether such consideration is paid on closing or deferred. The Transaction Value will include, but not be limited to, a) payments to the Seller for assets and/or capital stock; b) current assets retained by or distributed to the Seller; c) liabilities assumed by the Company, whether as part of an asset sale or included in a stock sale; d) non-compete and consulting agreements; e) loans to the Seller; f) other compensation or consideration to the Seller, in any form. Liquidated damages due the Disclosing Party for any contingent consideration will be due when such consideration can be calculated.

    7.    The Receiving Party agrees that any breach of its obligations under this Agreement will cause immediate and irreparable damage to the Disclosing Party; therefore, the Disclosing Party shall have, in addition to any remedies available at law or equity, the right to obtain preliminary and injunctive relief, an order for specific performance and other equitable relief to enforce this Agreement. The Receiving Party agrees that no bond or other security shall be required in obtaining such equitable relief and also consents to the issuance of such injunction and to the ordering of specific performance, if necessary for the Disclosing Party to recover from the Receiving Party's breach of this Agreement.

Jan 12 04 12:15p      Jimmy                    6019424835              p.4

This Agreement shall be governed by the laws of the District of Columbia.

Acknowledged and agreed:

ESOP CAPITAL GROUP, LLC                    Thrash Aviation, Inc.

(Disclosing Party)                         (Receiving Party)

By: _____                 By: _____
Name:  Tchad C. Robinson                   Name:  Jimmy Thrash
Title:  Managing Director                  Title:  Owner, Authorized Representative of Seller's
Interests

                                    3

# Superior Court of the District of Columbia
## CIVIL DIVISION — CIVIL ACTIONS BRANCH

## INFORMATION SHEET

ESOP Capital Group LLC

vs.

A6 Pilots, Inc. and Jimmy L. Thrash

Case Number:

Date: August 15, 2005

Name:
Vicki Margolis
Firm Name:
Venable LLP
Telephone No.: 202.344.4892    Unified Bar No.: 431031

Relationship to Lawsuit
⊗ Attorney for Plaintiff
◯ Self (Pro Se)
Other:

TYPE OF CASE: ◯ Non-Jury    ◯ 6 Person Jury    ⊗ 12 Person Jury

Demand: $ ($800,000) TBD    Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.            Judge            Calendar #

Case No.            Judge            Calendar #

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**
- ☒ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Other:
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance

**COLLECTION CASES**
- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000

**B. PROPERTY TORTS**
- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 3441
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Other:

**C. PERSONAL TORTS**
- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical
- ☐ 16 Negligence
- ☐ 17 Personal Injury
- ☐ 18 Wrongful Death
- ☐ 19 Wrongful Eviction
- ☐ 20 Other:
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts

Form CV(6)-496/Feb. 95

**EXHIBIT**
A-4

## D.  OTHERS

**I.**
- ☐ 01  Accounting
- ☐ 02  Att. Before Judgment
- ☐ 04  Condemnation (Emin. Domain)
- ☐ 05  Ejectment
- ☐ 07  Insurance/Subrogation
  Under $25,000  Pltf.
  Grants Consent
- ☐ 08  Quiet Title
- ☐ 09  Special Writ (Specify)

- ☐ 10  T.R.O./Injunction
- ☐ 11  Writ of Replevin
- ☐ 12  Enforce Mechanics Lien
- ☐ 16  Declaratory Judgment
- ☐ 17  Merit Personnel Act (D.C.
  Code Title 1, Chapter 6)
- ☐ 18  Product Liability
- ☐ 24  Application to Confirm, Modify,
  Vacate Arbitration Award
  (D.C. Code 164315)

- ☐ 25  Other:
- ☐ 26  Insurance/Subrogation
  Under $25,000  Consent Denied
- ☐ 27  Insurance/Subrogation
  Over $25,000

**II.**
- ☐ 03  Change of Name
- ☐ 06  Foreign Judgment
- ☐ 13  Correction of Birth Certificate
- ☐ 14  Correction of Marriage
  Certificate

- ☐ 15  Libel of Information
- ☐ 19  Enter Administrative Order as
  Judgment [6-2713(h) or
  36-3 19(a)]
- ☐ 20  Master Meter (D.C. Code
  43-541, et seq.)

- ☐ 21  Petition for Subpoena
  [Rule 28-l(b)]
- ☐ 22  Release Mechanics Lien
- ☐ 23  Rule 27 (a)(l)
  (Perpetuate Testimony)

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
Civil Division



RECEIVED
Civil Clerk's Office

SEP 0 2 2005

Superior Court of the
District of Columbia
Washington, D.C.

ESOP CAPITAL GROUP LLC )
1025 Connecticut Ave., NW )
Washington, DC 20036 )
)
     Plaintiff, )  Civil Action No. 05-006463 B
)
 v. )
)  Judge Anna Blackburne-Rigsby
AG-PILOTS, INC. )
707 HWY 481 )
Pelahatchie, Mississippi 39145 )
)
    and )
)
JIMMY L. THRASH )
Leesburg Road )
Pelahatchie, Mississippi 39145 )
)
    Defendants. )
_____ )

### DEFENDANTS' CONSENT MOTION FOR TEN-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

Pursuant to Rule 55(a)(1) of the Superior Court Rules of Civil Procedure, Defendants

AG-Pilots, Inc. and Jimmy L. Thrash (jointly "Defendants") respectfully move the Court to enter

an order extending by ten days their time to answer, move, or otherwise plead in response to

Plaintiff's Complaint. Plaintiff ESOP Capital Group LLC has no objection to the relief

requested in this motion. This is the first request for an extension of time for Defendants to

respond.

### POINTS AND AUTHORITIES

Defendants were served with Plaintiff's Complaint on August 16, 2005, and the current

deadline to answer or otherwise respond to the Complaint is September 6, 2005. To enable

1



EXHIBIT
A-5

Defendants and their counsel to more fully investigate the allegations in the Complaint.

Defendants seek a 10-day extension of time to answer or otherwise respond, until September 16.

2005. This motion is timely because Defendants' time to respond has not yet expired. Further,

the extension will not result in prejudice because this case was recently filed, a case schedule has

not yet been entered, and the time extension requested is only for ten days. Further, as indicated

above, counsel for Defendants have conferred with Plaintiff's counsel, and Plaintiff has no

objection to the requested extension of time.

Accordingly, Defendants request that the date for it to answer, move, or otherwise plead

in response to Plaintiff's Complaint be extended through and including Friday, September 16,

2005.

Respectfully submitted,

Thomas Kline
D.C. Bar # 2376446
Andrews Kurth LLP
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

Tonya M. Gray
Texas Bar #24012726 (appearing *pro hac vice*)
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Counsel for Defendants

Dated: September 2, 2005

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Motion for Extension of Time to Answer or Otherwise Respond was served on the following by first class U.S. mail, postage prepaid, this 2nd day of September, 2005:

> Robert L. Wilkins, Esquire
> Vicki Margolis, Esquire
> Karen S. Miller, Esquire
> VENABLE LLP
> 575 7th Street, NW
> Washington, D.C. 20004
>
> Counsel for Plaintiff

Thomas Kline

3

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
Civil Division

ESOP CAPITAL GROUP LLC )
1025 Connecticut Ave., NW )
Washington, DC 20036 )
)
Plaintiff, )
)
v. )
)
AG-PILOTS, INC. )
707 HWY 481 )
Pelahatchie, Mississippi 39145 )
)
and )
)
JIMMY L. THRASH )
Leesburg Road )
Pelahatchie, Mississippi 39145 )
)
Defendants. )
)



Civil Action No. 05-006463 B

Superior Court of the
District of Columbia
Washington

Judge Anna Blackburne-Rigsby

**PRAECIPE**

Please enter the appearances of the following as counsel of record for Defendants AG-

Pilots, Inc. and Jimmy L. Thrash:

ANDREWS KURTH LLP

Thomas Kline
D.C. Bar # 2376446
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

Tonya M. Gray
Texas Bar #24012726 (appearing *pro hac vice*)
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

1

Respectfully submitted,

Thomas Kline
D.C. Bar # 2376446
Andrews Kurth LLP
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

Tonya M. Gray
Texas Bar #24012726 (appearing *pro hac vice*)
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Counsel for Defendants

Dated: September 2, 2005

2

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Praecipe was served on the following by first

class U.S. mail, postage prepaid, this 2nd day of September, 2005:

        Robert L. Wilkins, Esquire
        Vicki Margolis, Esquire
        Karen S. Miller, Esquire
        VENABLE LLP
        575 7th Street, NW
        Washington, D.C. 20004

        Counsel for Plaintiff

                               Thomas Kline

3

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ESOP CAPITAL GROUP LLC<br>1025 Connecticut Ave. , NW<br>Washington, DC 20036 | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Civil Action No. 05-006463 B |
| | ) | |
| v. | ) ) | Judge Anna Blackburne-Rigsby |
| AG-PILOTS, INC.<br>707 HWY 481<br>Pelahatchie, Mississippi 39145 | ) ) ) ) | |
| and | ) ) | |
| JIMMY L. THRASH<br>Leesburg Road<br>Pelahatchie, Mississippi 39145 | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING DEFENDANTS' CONSENT MOTION FOR TEN-DAY EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND

ON THIS DATE CAME ON FOR CONSIDERATION Defendants' Consent Motion for Ten-Day Extension of Time to Answer or Otherwise Respond. The Court, having considered the motion, finds that it should be granted.

It is therefore ORDERED that the Defendants' Consent Motion for Ten-Day Extension of Time to Answer or Otherwise Respond is GRANTED. It is further ORDERED that, pursuant to Rule 55(a)(1) of the Superior Court Rules of Civil Procedure, Defendants AG-Pilots, Inc. and Jimmy L. Thrash's time to answer, move, or otherwise plead in response to Plaintiff's Complaint is extended through and including Friday, September 16, 2005.

1

DAL:576163.1

Signed this the _____ day of September, 2005.

_____
JUDGE PRESIDING

DAL:576163.1

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ESOP CAPITAL GROUP LLC<br>1025 Connecticut Ave., NW<br>Washington, DC 20036 | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-006463 B |
| v. | ) ) ) | Judge Anna Blackburne-Rigsby |
| AG-PILOTS, INC.<br>707 HWY 481<br>Pelahatchie, Mississippi 39145 | ) ) ) ) | |
| and | ) ) | |
| JIMMY L. THRASH<br>Leesburg Road<br>Pelahatchie, Mississippi 39145 | ) ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendants AG-Pilots, Inc. and Jimmy L. Thrash hereby give notice that on September 15, 2005, they removed this action to the United States District Court for the District of Columbia, which now bears Civil Action No. _____. A copy of the Notice of Removal is attached.

1


EXHIBIT
A-6

Respectfully submitted,

Thomas Kline
D.C. Bar # 237446
Andrews Kurth LLP
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

Tonya M. Gray
Texas Bar #24012726 (appearing *pro hac vice*)
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Counsel for Defendants

Dated: September 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Filing Notice of Removal was

served on the following counsel of record by first class certified mail, return receipt requested, ,

this 15th day of September, 2005:

Robert L. Wilkins, Esquire
Vicki Margolis, Esquire
Karen S. Miller, Esquire
VENABLE LLP
575 7th Street, NW
Washington, D.C. 20004

Counsel for Plaintiff

Thomas Kline

2