## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ESOP CAPITAL GROUP LLC**<br>**1025 Connecticut Ave. , NW**<br>**Washington, DC 20036**<br><br>     **Plaintiff,**<br><br>  **v.**<br><br>**AG-PILOTS, INC.**<br>**676 HWY 481**<br>**Pelahatchie, Mississippi 39145**<br><br>    **and**<br><br>**JIMMY L. THRASH**<br>**707 HWY 481**<br>**Pelahatchie, Mississippi 39145**<br><br>    **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **Civil Action No. 1:05 CV 01832** |

## DEFENDANTS' MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Defendants AG-Pilots, Inc. ("AG-Pilots") and Jimmy L. Thrash ("Thrash") (jointly, "Defendants") respectfully submit this brief in support of Defendant' Motion to Dismiss pursuant to Rule 12(b)(2) and (6) of the FEDERAL RULES OF CIVIL PROCEDURE. Plaintiff's claims should be dismissed because the Court lacks *in personam* jurisdiction, and also in the alternative because Plaintiff fails to state a claim upon which relief can be granted.

DAL:577792.1

# I.

## LACK OF PERSONAL JURISDICTION

### A.    Introduction and Factual Background

As more fully detailed in the Affidavit of Jimmy L. Thrash, attached hereto as Exhibit 1, neither AG-Pilots nor Thrash have sufficient contacts with the District of Columbia to allow this Court to exercise *in personam* jurisdiction.

Plaintiff brought suit alleging AG-Pilots, as successor-in-interest to another Mississippi corporation Thrash Aviation, Inc. ("Thrash Aviation"), entered into a "prohibited" transaction with a third-party that triggered contractual obligations to Plaintiff. Plaintiff further claims that Thrash tortiously interfered with Plaintiff's contract with Thrash Aviation by promoting the alleged transaction. Thrash has not visited the District of Columbia in connection with Plaintiff's allegations; in fact, he has never transacted business in the District of Columbia in his individual capacity, having only spent a few hours there in his role as President of Thrash Aviation,. Thrash Aff., ¶ 19. AG-Pilots likewise does not have sufficient contact with the District of Columbia to justify the exercise of jurisdiction over it. AG-Pilots' limited contact with the District has been through the isolated use of counsel and through a small amount of limited email correspondence and telephone calls with Plaintiff, the majority of which were initiated by Plaintiff. Thrash Aff., ¶¶ 18, 22.

The underlying contract was entered as a result of Plaintiff pursuing a Mississippi corporation and after Plaintiff had visited Thrash Aviation's site in Alabama. Thrash Aff., ¶ 21. Neither Defendant is required to perform and has not performed any agreement with Plaintiff in whole or in part within the District of Columbia, and at no time has either Defendant entered into the District of Columbia for purposes of negotiating, executing, entering, furthering, or effectuating any agreement, or for any other reason, pertaining to Plaintiff. Thrash Aff., ¶¶ 7,

2

21-22. Defendants have not entered into any agreements with Plaintiff or anyone else to supply services or goods within the District of Columbia nor have Defendants consented to jurisdiction in the District of Columbia. Thrash Aff., ¶ 14. AG-Pilots did not at the time the above-captioned case was filed, does not now, and never has maintained a place of business within the District of Columbia. Thrash Aff., ¶ 12. AG-Pilots does not transact business within the District of Columbia, has never been qualified nor licensed to do business in the District of Columbia, and has never owned real property in the District of Columbia. Thrash Aff., ¶ 13. Simply stated, neither AG-Pilots nor Thrash have had sufficient contact with the District to subject them to personal jurisdiction by a District of Columbia court.

**B.    Arguments and Authorities**

1.    Standards for the Exercise of Personal Jurisdiction

When personal jurisdiction is challenged, the plaintiff "bears the burden of establishing personal jurisdiction" over each Defendant. *Crane v. New York Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990); *Atlantigas Corp. v. Nisource, Inc.*, 290 F.Supp.2d 34, 42 (D.D.C. 2003). In meeting its jurisdictional burden, a plaintiff must "allege specific facts on which personal jurisdiction can be based; it cannot rely on conclusory allegations." *Atlantigas*, 290 F.Supp.2d at 42. The Court is not required to treat all of the plaintiff's allegations as true. *Crane*, 894 F.2d at 456. In a diversity case such as this one, the Court's personal jurisdiction over nonresident defendants is dependent upon the law of the District of Columbia, subject to the "constraints of constitutional due process." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002). The Court thus engages in a two-part analysis: whether jurisdiction is found under the long-arm statute and whether a finding of jurisdiction satisfies the constitutional requirements of due process. *GTE New Media Svcs. Inc., v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

3

For the constitutional analysis, the United States Supreme Court has held that a nonresident defendant must have certain minimum contacts with the state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Ordinarily, this requires that a defendant purposefully establish minimum contacts in the forum state. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 108-09 (1987). A defendant has purposefully established minimum contacts where "the defendant [] has created continuing obligation between himself and the residents of the forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985). Further, a defendant must purposefully "avail itself of the privilege of conducting activities within the forum State . . . ." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). In summary, the defendant must purposely avail itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws, and must have such contacts with the forum state that it should reasonably anticipate being haled into court in the forum state.

2.    Plaintiff Failed to Allege Specific Jurisdictional Facts

As noted above, the jurisdictional allegations must contain "specific facts evidencing purposeful activity by the defendant in the District of Columbia by which it invoked the benefits and protections of the District's laws." *Atlantigas*, 290 F.Supp.2d at 44 (citing *First Chicago Int'l v. United Exchange Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). Here, Plaintiff makes no specific jurisdictional allegations as to AG-Pilots but instead merely states that jurisdiction is proper under the long-arm statute. *See* Complaint, ¶ 4. As to Thrash, Plaintiff states that Thrash has committed tortious acts within the District which cause harm to a District resident. *See* Complaint, ¶ 4. Notwithstanding that Plaintiff's tortious interference claim is without merit as demonstrated below, Plaintiff has failed to allege how Thrash committed a tort in the District.

4

Plaintiff's tortious interference claim against Thrash is based on acts he took in relation to AG-Pilots. *See* Complaint ¶¶ 25-30. Notably missing from Plaintiff's allegations is an explanation as to how a Mississippi resident's direction of a Mississippi corporation occurred in the District.

Plaintiff's final jurisdictional statement is that jurisdiction is "proper in light of the parties' specific contractual agreement to that effect." *See* Complaint, ¶ 4. No such contractual provision exists. Rather, the agreement at issue states it is to be governed by the law of the District of Columbia, *see* Complaint, Exhibit 2, and the parties' choice of law provision is insufficient to confer personal jurisdiction over the Defendants. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (finding choice of law provision "standing alone standing alone would be insufficient to confer jurisdiction"); *Digi-tel Holdings, Inc. v. Proteg Telecommunications, Inc.*, 89 F.3d 519, 523 (8th Cir. 1996) (stating choice of law provision "insufficient in itself to confer jurisdiction"); *Cf. Kulko v. Superior Court of California*, 436 U.S. 84, 99 (1978). Plaintiff's jurisdictional allegations fail to establish how this Court can exercise personal jurisdiction over Defendants. Beyond Plaintiff's insufficient factual allegations, Plaintiff cannot satisfy its burden of proof to show that either Thrash or AG-Pilots has sufficient minimum contacts to invoke the Court's general or specific jurisdiction.

3.    The District of Columbia Lacks Specific Jurisdiction Over Defendants

The District of Columbia's long-arm statute provides, in relevant part, that a District of Columbia court may exercise personal jurisdiction over a nonresident as to a claim arising from the nonresident transacting business in the District or causing tortious injury in the District. D.C. CODE § 13-423(a)(1), (3)-(4). Because Plaintiff's Complaint only alleges, in the most conclusory fashion, that the Court has jurisdiction over AG-Pilots under the D.C. long-arm statute without referencing any specific provision of that statute, AG-Pilots is left to guess what

5

contact is alleged against it. Plaintiff has not pled any tort claims against AG-Pilots nor alleged

any services to be supplied in the District by AG-Pilots, and thus it is presumed that Plaintiff

bases jurisdiction on its belief that AG-Pilots is transacting business in the District under § 13-

423(a)(1).

"Section (a)(1)'s 'transacting any business' clause generally has been interpreted to be

coextensive with the Constitution's due process requirements." *GTE New Media*, 199 F.3d at

1347. To establish personal jurisdiction by this section, Plaintiff must show that (1) AG-Pilots

transacted business in the District, (2) that Plaintiff's claim arose from such business, (3) that

AG-Pilots had minimum contact with the District, and (4) that the Court's exercise of personal

jurisdiction would not offend "traditional notions of fair play and substantial justice." *See Jung*

*v. Association of Am. Med. Colls.*, 300 F.Supp.2d 119, 128 (D.D.C. 2004); *Dooley v. United*

*Techs. Corp.*, 786 F.Supp. 65, 71 (D.D.C. 1982). As stated earlier, the minimum contact analysis

would require AG-Pilots to create a "continuing obligation between [itself] and the residents of

the forum." *Burger King*, 471 U.S. at 475-76.

AG-Pilots does not transact business in the District of Columbia, and Plaintiff's claims do

not arise from any activity by AG-Pilots in the District. Plaintiff sought to make a bid to

purchase Thrash Aviation, Inc. (which later merged into AG-Pilots), but it was the Plaintiff

seeking out Thrash Aviation, Inc. that created any relationship between the parties -- not the

other way around. Plaintiff contacted Thrash Aviation, Inc. at its Mississippi office to initiate

discussions between the parties, and Plaintiff's representative thereafter traveled to Thrash

Aviation's site in Alabama  Thrash Aff., ¶ 21. As a result of Plaintiff's pursuit of Thrash

Aviation, the agreement that is now at issue was eventually entered by the parties. Thrash Aff.,

¶ 21. It is the only agreement between the parties, and Thrash Aviation/AG-Pilots' relationship

with Plaintiff ended quickly because Plaintiff's bid did not meet Thrash Aviation's minimum requirements for a purchaser. Thrash Aff., ¶¶ 21-23. No representative of Thrash Aviation/AG-Pilots traveled to the District of Columbia to negotiate or perform under the agreement, and that Plaintiff was a District of Columbia entity was merely fortuitous and unrelated to the agreement. Thrash Aff., ¶¶ 22, 24. These contacts are insufficient to subject AG-Pilots to personal jurisdiction in the District of Columbia. *See Kulko*, 436 U.S. at 1697-98 (finding one party's unilateral activities cannot satisfy minimum contacts requirements); *Health Commc'ns, Inc. v. Mariner Corp.*, 860 F.2d 460, 464-65 (D.C. Cir. 1988) (determining resident reaching out to nonresident does not create personal jurisdiction over nonresident). AG-Pilots' only other contact with the District of Columbia was through Thrash Aviation's isolated use of counsel practicing there. Thrash Aff., ¶ 18. This too is insufficient to establish personal jurisdiction over AG-Pilots. *Staton v. Looney*, 704 F.Supp. 303, 304 (D.D.C. 1989).

Plaintiff alleges Thrash, as an individual, committed a tortious act within the District, *see* Complaint, ¶ 4, and thus it is assumed Plaintiff is claiming jurisdiction exists under D.C. CODE § 13-423(a) (3). Unlike § 13-423(a)(1), this provision has been narrowly construed and does not extend to the constitutional limits. *GTE New Media*, 199 F.3d at 1347; *Crane*, 814 F.2d at 762. As discussed above, Plaintiff fails to provide any explanation as to how Thrash, a Mississippi resident, acting as President of AG-Pilots, a Mississippi corporation, committed a tortious act in the District. Thrash's activity in the District of Columbia was a 2-3 hour visit with Thrash Aviation's counsel. Thrash Aff., ¶ 19. As an individual, Thrash has had no contact with the District, and his acts as President of AG-Pilots do not translate into personal contacts for him. *Wiggins v. Equifax Inc.*, 853 F.Supp. 500, 503 (D.D.C. 1994); *Quinto v. Legal Times of Washington, Inc.*, 506 F.Supp. 554, 558 (D.D.C. 1981).

7

4.    The District of Columbia Lacks General Jurisdiction Over Defendants

In addition to the absence of specific jurisdiction, and although not pled by Plaintiff, general jurisdiction over either Defendant is likewise lacking.  General jurisdiction may be exercised over a non-resident only when its contacts with the forum are sufficiently systematic and continuous. *Helicopteros Nacionales de Colombia, V.A. v. Hall*, 466 U.S. 408, 414 (1984); *Crane*, 814 F.2d at 763.  That requirement protects defendants from being haled into a foreign jurisdiction based upon "random," "fortuitous" or "attenuated" contacts or the "unilateral activity of another party or third person." *Helicopteros*, 466 U.S. at 417; *Burger King*, 471 U.S. at 475. It is irrefutable that both Thrash and AG-Pilots lack a presence in the District of Columbia sufficient to support the exercise of general jurisdiction over them under D.C. CODE §§ 13-422 or 13-334.  Neither Thrash nor AG-Pilots resides in the District, owns property in the District, maintains offices or personal contacts in the District, or transacts business in the District. *See* Thrash Aff. ¶¶ 2-6, 10-16.  Both Defendants are domiciled in Mississippi.  Thrash, in his individual capacity, has no contact with the District of Columbia.  AG-Pilots is organized under the laws of Mississippi and maintains its principal place of business in Pelahatchie, Mississippi. AG-Pilots' limited use of counsel that just happen to practice in D.C. and limited correspondence with Plaintiff cannot be considered a continuing presence in the District of Columbia sufficient to support general jurisdiction .

5.    The Exercise of Jurisdiction Would Be Inconsistent with Notions of "Fair Play"

If a defendant has "minimum contacts" with the District of Columbia, which neither Defendant does, the exercise of jurisdiction over a non-resident must still comport with "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at  316

8

(1945); *Holt*, 801 F.2d at 780-81.[1] Even if Thrash or AG-Pilots had sufficient minimum contacts to establish personal jurisdiction over them, which they do not, such assertion would clearly offend fair play and substantial justice. Thrash and AG-Pilots will be severely burdened and inconvenienced to defend any action in the District of Columbia given their limited contact, if any, with the District. Thrash Aff., ¶ 25.

## C.    Conclusion

In summary, AG-Pilots and Thrash do not have sufficient minimum contacts with the District of Columbia to support either specific or general *in personam* jurisdiction and to submit them to the jurisdiction of this Court would clearly offend traditional notions of fair play and substantial justice. For the reasons set forth above, the Court should dismiss Plaintiff's claims for lack of personal jurisdiction.

## II.

## FAILURE TO STATE A CLAIM

In addition to this Court's lack of personal jurisdiction over Defendants, Plaintiff's claims should also, and alternatively, be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief be granted.

## A.    Standard for 12(b)(6) Motion to Dismiss

Dismissal is proper under Rule 12(b)(6) if it appears the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Razzoli v. Federal Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000). The court must confine its review to the

---

[1]    In evaluating the fairness of the exercise of personal jurisdiction, a court must consider several factors: (1) the burden on the defendant; (2) the forum state's interest in the dispute; (3) the plaintiff's interest in obtaining relief; (4) the judicial system's interest in having the suit resolved efficiently; and (5) the interest of the several states in furthering social policies. *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987).

well-pleaded facts in the complaint and construe those facts as true. *Pitney Bowes, Inc. v. United States Postal Svc.*, .27 F.Supp.2d 15, 19 (D.D.C. 1998). Unwarranted deductions of fact and conclusory allegations of fact or law are not admitted as true. *James v. England*, 332 F.Supp.2d 239, 243 (D.D.C. 2004).

**B.     Grounds for Dismissal**

    1.     Breach of Contract Claim Is Premature

Plaintiff's claim against AG-Pilots should be dismissed because it is premature. Plaintiff's breach claim is premised on AG-Pilots entering an "ESOP buyout with an entity other than" Plaintiff that Plaintiff considers a "Prohibited Sale" under section 6 of the December 12, 2003 Confidential Non-Disclosure Agreement. *See* Complaint, ¶¶ 13, 16. The Complaint does not specifically allege that a buy-out transaction has occurred, and Plaintiff is now aware that none has. Thus, at a minimum, Plaintiff's claim is premature, not ripe, and should be dismissed. *See, e.g., Werber v. Atkinson*, 84 A.2d 111, 113 (D.C. 1951) (recognizing "suit which is prematurely filed cannot be maintained").

    2.     Thrash Cannot Tortiously Interfere with AG-Pilots' Agreement

Plaintiff's second claim is against Thrash individually for tortiously interfering with the NDA between the Parties. Plaintiff alleges that "Thrash, as AG-Pilots' President" directed AG-Pilots to not notify Plaintiff of a pending "Prohibited Sale" under the NDA. *See* Complaint, ¶¶ 27-30. Tortious interference occurs when a defendant interferes with a contract between the plaintiff and some third party. *Weaver v. Gross*, 605 F.Supp. 210, 216 (D.D.C. 1985). "Because a corporation cannot act other than through its officers and agents, a corporate officer is an implied party to the contract, and therefore, does not have third-party status necessary to be liable for tortious interference with contract. *Id.* Here, Plaintiff alleges just that -- that Thrash, as President of AG-Pilots, interfered with AG-Pilots' contract. Because a corporate president

10

cannot tortiously interfere with the corporation's contracts, Plaintiff's claim for tortious interference against Thrash must be dismissed as a matter of law.

### III.

### CONCLUSION

As demonstrated above, Defendants lack the requisite minimum contact with the District of Columbia to subject them to personal jurisdiction by this Court, and thus this action should be dismissed on that ground alone. This action should likewise be dismissed, in the alternative, because Plaintiff's breach of contract claim is premature and accordingly fails to state a claim upon which relief can be granted. Plaintiff's tortious interference claim (which is dependent on the breach of contract claim) also fails to state a recoverable claim because a corporate officer cannot tortiously interfere with his corporation's contract. For all of these reasons, Defendants respectfully request that this matter be dismissed.

Respectfully submitted,

Thomas Kline
D.C. Bar # 237446
Andrews Kurth LLP
1701 Pennsylvania Avenue, N.W., Suite 300
Washington, D.C. 20006
Telephone: (202) 662-2700
Facsimile: (202) 662-2739

Tonya M. Gray
Texas Bar #24012726 (*pro hac vice* pending)
Andrews Kurth LLP
1717 Main Street, Suite 3700
Dallas, Texas 75201
Telephone: (214) 659-4400
Facsimile: (214) 659-4401

Counsel for Defendants

11