IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESOP CAPITAL GROUP LLC<br>1025 Connecticut Ave., NW<br>Washington, DC 20036<br><br>                Plaintiff,<br><br>v.<br><br>AG-PILOTS, INC.<br>676 HWY 481<br>Pelahatchie, Mississippi 39145<br><br>                and<br><br>JIMMY L. THRASH<br>707 HWY 481<br>Pelahatchie, Mississippi 39145<br><br>                Defendants. | Civil Action No. 1:05 CV 01832 |

### AFFIDAVIT OF JIMMY L. THRASH

STATE OF MISSISSIPPI   )
                                  )
COUNTY OF RANKIN     )

    On this day appeared before me, the undersigned authority, **Jimmy L. Thrash**, known to me to be the person whose signature is subscribed below, and, after being duly sworn, stated the following under oath:

    1.    "My name is Jimmy L. Thrash. I am over eighteen years of age and am fully competent to make this Affidavit. The facts stated herein are true and correct and are within my personal knowledge.

1

2. I live and work in the State of Mississippi and did so for all times relevant to the above-numbered and styled cause (the "Lawsuit"). My home address is 707 Highway 481, Pelahatchie, Mississippi, 39145.

3. I have never owned real or personal property in the District of Columbia. I do not lease and never have leased any real or personal property in the District of Columbia.

4. I have never personally maintained an office, mailing address, telephone number or bank account in the District of Columbia.

5. I am not, nor have I ever been, licensed in either a personal or professional capacity by the District of Columbia. In other words, I do not have, and never have had, a District of Columbia drivers license, marriage license, hunting or fishing license, or any other type of license issued by the District of Columbia.

6. I do not advertise and have not advertised in the District of Columbia by means of any medium.

7. I have never in my individual capacity entered into a contract, by mail or otherwise, with a resident of the District of Columbia, which was performable in whole or in part within the District of Columbia.

8. I have never committed any tortious acts, in whole or in part, in the District of Columbia. By that, I mean that, with the exception of the lawsuit and the claims asserted in it, which I deny, (a) I have never been sued in a court in the District of Columbia, (b) I have never been sued in any court anywhere based on allegations that I did something wrong in the District of Columbia, (c) I have never been accused of doing something wrong in the District of Columbia or to a District of Columbia resident, and (d) I have never committed an act or omission, or been informed that I committed an act or omission, in the District of Columbia with

respect to a District of Columbia resident that, to my knowledge, was illegal or otherwise wrongful, or in any way harmed or caused damage or injury to a District of Columbia resident.

9. I have never been an officer or director of a District of Columbia company.

10. I am President of AG-Pilots, Inc. ("AG-Pilots"). AG-Pilots is a Mississippi corporation with its principal place of business at 676 Highway 481, Pelahatchie, Mississippi, 39145.

11. AG-Pilots has never owned real or personal property in the District of Columbia. AG-Pilots does not lease and never has leased any real or personal property in the District of Columbia.

12. AG-Pilots has never maintained an office, mailing address, telephone number or bank account in the District of Columbia.

13. AG-Pilots has never been licensed to practice business nor never conducted business in the District of Columbia. AG-Pilots has never maintained a registered agent in the District of Columbia, nor has it been required to do so.

14. AG-Pilots has never paid taxes in the District of Columbia and performs no services and conducts no regular business activities in the District of Columbia.

15. AG-Pilots does not advertise and has not advertised in the District of Columbia by means of any medium.

16. Neither AG-Pilots nor I in any capacity have never recruited any District of Columbia resident for employment inside or outside of the District of Columbia.

17. On or about May 26, 2005, two other Mississippi corporations -- J&H Aircraft, Inc. and Thrash Aviation, Inc. ("Thrash Aviation") -- merged with and into AG-Pilots. At the time, I served as President of both J&H Aircraft, Inc. and Thrash Aviation. I never anticipated

that by serving as President of those corporations or of AG-Pilots that I would one day be sued personally in a District of Columbia court.

18. Prior to that merger, in or about September 7, 2004, Thrash Aviation retained the services of Louis Diamond, a partner in the law firm of Buchanan Ingersoll PC, to perform certain legal services for Thrash Aviation. Thrash Aviation was interested in being acquired and sought Mr. Diamond's professional services regarding a possible buy-out transaction. Although Mr. Diamond was then practicing and still practices in the District of Columbia, his location was not a factor in Thrash Aviation's decision to retain him. That Mr. Diamond practiced in the District of Columbia when Thrash Aviation retained him was merely fortuitous and unrelated to the work for which he was retained.

19. In my individual or personal capacity, I have never transacted business in the District of Columbia. My visit to the District of Columbia was in a professional capacity as President of Thrash Aviation. In or about October 29, 2004, I visited Michael Holzman with Buchanan Ingersoll PC and Keith Aption with Morgan Stanley, at the offices of Buchanan Ingersoll PC to discuss the work they were doing for Thrash Aviation, Inc. The meeting lasted 2-3 hours. I arrived in the District of Columbia that morning and left that afternoon. Other than that one meeting, I am not aware of any representative of Thrash Aviation or of AG-Pilots visiting the District of Columbia on behalf of those corporations.

20. In or about mid to late 2003, Plaintiff ESOP Capital Group LLC ("Plaintiff"), a District of Columbia entity, was identified by The March Group as a potential purchaser of Thrash Aviation. Plaintiff was only one of many such buyers identified.

21. Plaintiff first contacted Thrash Aviation at Thrash Aviation's Mississippi offices to initiate discussions about Plaintiff's potential bid for Thrash Aviation in mid to late, 2003.

4

DAL:577454.1

Thereafter, Plaintiff's representatives traveled to Thrash Aviation's work site in Linden, AL, to solicit Thrash Aviation's consideration of Plaintiff as a potential purchaser. As a result of Plaintiff's pursuit of Thrash Aviation, a Confidential Non-Disclosure Agreement (the "Agreement") was eventually entered by the parties. I executed the Agreement while in Mississippi. An apparent copy of the Agreement is attached as Exhibit 2 to Plaintiff's Complaint. I say "apparent" because at the time I executed the Agreement it had an effective date of December 12, 2003; the copy attached to Plaintiff's Complaint bears an altered effective date of December 12, 2004. By December 2004, Thrash Aviation had no ongoing relationship with Plaintiff.

22. At no time did I, Thrash Aviation, or any of Thrash Aviation's representatives travel to the District of Columbia to negotiate or perform under the Agreement. Thrash Aviation's contacts with Plaintiff were limited to certain telephonic, email, or other written communications.

23. Plaintiff's bid did not meet Thrash Aviation's minimum requirements for a purchaser, and Plaintiff was dismissed readily from consideration as a potential purchaser.

24. That Plaintiff was a D.C. entity was merely fortuitous and unrelated to the Agreement.

25. It will be extremely inconvenient and expensive for AG-Pilots and me to defend the Lawsuit in the District of Columbia. It would require AG-Pilots or myself individually to incur substantial expenses for travel, lodging and meals away from home. There would also be substantial expense for the loss of time from work for the purpose of traveling. I believe that any exercise of jurisdiction by the District of Columbia over me or AG-Pilots would be unfair and deprive me of due process of law."

Further affiant saith naught.

_____
Jimmy E. Thrash

SUBSCRIBED TO AND SWORN TO before me, the undersigned notary, on this the 22nd day of September, 2005.

_____
Betty H. Fleming
Notary Public in and for the State of Mississippi

[SEAL]

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES SEPT. 12, 2009
BONDED THRU STEGALL NOTARY SERVICE

6

DAL:577404.1